**Mary Anne EIBEST, et al., Plaintiffs,**

v.

**PLANNED PARENTHOOD OF STARK COUNTY, Defendant.**

**No. 5:99–CV–2635.**

United States District Court,
N.D. Ohio,
Eastern Division.

April 21, 2000.

Jack R. Baker, Baker Dublikar Beck Wiley & Mathews, Canton, OH, for Mary Anne Eibest, John L Eibest, plaintiffs.

Tod T. Morrow, Black, McCuskey, Souers & Arbaugh, Canton, OH, Todd S. Bundy, Black, McCuskey, Souers & Arbaugh, Canton, OH, for Planned Parenthood of Stark County, defendant.

OPINION

GWIN, District Judge.

In this disability discrimination action, Defendant Planned Parenthood of Stark

County ("Planned Parenthood") seeks summary judgment on the claims brought against it by Plaintiffs Mary Anne Eibest and John Eibest [Doc. 13]. With its motion, the defendant says the plaintiffs have failed to offer any material evidence in support of their federal disability discrimination and related state-law claims. For the reasons set forth below, the Court grants in part the defendant's motion for summary judgment.

## I.

Plaintiff Mary Anne Eibest is a former employee of Defendant Planned Parenthood. Eibest resigned her position as a staff nurse with Planned Parenthood because she suffers from a medical condition that prevents her from fulfilling the requirement that all staff nurses work Monday evenings. Eibest says that by failing to excuse her from this requirement, Planned Parenthood has violated the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, et seq., and Ohio's analogous handicapped discrimination laws.

In 1985, Planned Parenthood hired Eibest, a licensed practical nurse, to serve as a staff nurse. Eibest's schedule called for her to work a total of thirty hours per week. Nearly half of these hours were scheduled for Mondays, when Eibest was scheduled to work from 8:00 a.m. until 8:00 p.m.

In 1994, Eibest was diagnosed with the Epstein–Barr virus. The virus causes, among other things, debilitating fatigue. Only drug treatment and rest will relieve this fatigue.

Eibest continued to serve as a staff nurse at Planned Parenthood following her diagnosis. By all accounts, Eibest performed her duties well despite her illness. However, in July 1998, Eibest consulted with her treating physician and determined that she could no longer work between 5:00 p.m. and 8:00 p.m. on Mondays. She sent a letter to Planned Parenthood asking that she be excused from working on Monday evenings on account of her medical condition. She included a letter from her physician in which he states that eliminating the Monday evening work hours would be "extremely beneficial" to Eibest's overall health status.

Planned Parenthood informed Eibest that it could not excuse her from working on Monday evenings. According to Planned Parenthood, the entire medical staff is required to work on Monday evenings because the medical clinic at Planned Parenthood is open in the evening only on Mondays and thus patient demand is heaviest at that time. Though it offered to allow Eibest to work until 7:00 p.m. or eliminate three hours from the beginning of her shift on Mondays, Planned Parenthood would not completely excuse Eibest from working on Monday evenings.

Eibest expressed dissatisfaction with Planned Parenthood's proposed scheduling adjustments. Eibest informed Planned Parenthood that although she could possibly work until 6:00 p.m. on Mondays, her medical condition would not allow her work until 7:00 p.m. Further, because the fatigue associated with her medical condition is greatest in the afternoons and evenings, Eibest refused Planned Parenthood's offer to eliminate three hours from the beginning of her Monday shift. Nevertheless, Planned Parenthood continued to schedule Eibest to work on Monday evenings.

Eibest continued working despite Planned Parenthood's refusal to meet her demand for schedule change. However, in September 1998, Eibest again requested that she not be required to work on Monday evenings. After Planned Parenthood refused this second request, Eibest resigned her position in October 1998.

Eibest filed the present action in October 1999. In this action, Eibest says Planned Parenthood violated the ADA and Ohio handicapped discrimination laws by refusing to offer her the reasonable accommodation of eliminating three hours from the end of her Monday shift. She also says Planned Parenthood's actions caused

her emotional distress. In addition, Eibest's husband, Plaintiff John Eibest, asserts a loss of consortium claim against Planned Parenthood.

As explained more fully below, the Court finds that Eibest fails to establish that she suffers from a "disability" as that term is defined for purposes of the ADA. Consequently, the Court grants summary judgment to the defendant on Eibest's ADA claim. In the absence of a federal claim, the Court will not exercise supplemental jurisdiction over the plaintiffs' remaining state-law claims.

## II.

A court may grant summary judgment only if the materials properly before the court "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party has the burden of showing conclusively that no genuine issue of material fact exists. *See 60 Ivy Street Corp. v. Alexander,* 822 F.2d 1432, 1435 (6th Cir. 1987). In deciding whether the moving party has met this burden, a court must view the facts and all inferences drawn therefrom in the light most favorable to the nonmoving party. *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158–59, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

A factual dispute precludes summary judgment only if it is material, that is, if it relates to a matter essential to adjudication. The dispute must concern facts that, under the substantive law governing the issue, might affect the outcome of the suit. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The factual dispute must also be genuine. The facts must be such that if they were proven at trial a reasonable jury could return a verdict for the nonmoving party. *See id.* at 248, 106 S.Ct. 2505. The disputed issue does not have to be resolved conclusively in favor of the nonmoving party, but that party is required to present significant probative evidence that makes it necessary to resolve the parties' differing versions of the dispute at trial. *See 60 Ivy Street,* 822 F.2d at 1435 (citing *First Nat'l Bank of Arizona v. Cities Serv. Co.,* 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968)); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Thus, the judge's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue a proper jury question. "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *60 Ivy Street,* 822 F.2d at 1436 (quoting *Anderson,* 477 U.S. at 249, 106 S.Ct. 2505). Accordingly, viewing the evidence in the light most favorable to the nonmoving party, the court should determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson,* 477 U.S. at 251, 106 S.Ct. 2505.

## III.

To establish a prima facie case of disability discrimination under the ADA, a plaintiff must show (1) that she suffered from a "disability" within the meaning of the ADA, (2) that she was able to perform the essential functions of her job with or without reasonable accommodation, and (3) that she suffered an adverse employment action in whole or in part because of that disability. *See Smith v. Ameritech,* 129 F.3d 857, 866 (6th Cir.1997). Here, Defendant Planned Parenthood says that Plaintiff Mary Anne Eibest has failed to offer evidence sufficient to establish the first element of a prima facie case of disability discrimination, *i.e.,* that Eibest suffers from a disability.

The ADA defines "disability" as "a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual." 42 U.S.C. § 12102(2). Although the ADA does not define the terms "substantially limits" or "major life activities," the Equal Employment Opportunity Commission ("EEOC") has issued regulations that provide "significant guidance" as to the meaning of these terms. *Talk v. Delta Airlines, Inc.,* 165 F.3d 1021, 1024 (5th Cir.1999); *McKay v. Toyota Motor Manufacturing, U.S.A., Inc.,* 110 F.3d 369, 371 (6th Cir.1997) (looking to EEOC regulations for guidance in determining meaning of "major life activities" and "substantially limits").

The EEOC's regulations provide that "major life activities" include "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing and working." 29 C.F.R. § 1630.2(i). The regulations further provide that, when pertaining to the major life activity of working, the term "substantially limits" means "significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities." 29 C.F.R. § 1630.2(j)(3)(i).

Here, Eibest asserts that she is disabled because she suffers from the Epstein–Barr virus. According to Eibest, the Epstein–Barr virus substantially limits her performance of the major life activity of working. By preventing her from working in the evenings, Eibest says the virus severely restricts her ability to perform jobs in the nursing field.

The EEOC regulations set forth factors to guide the determination of whether a condition significantly restricts an individual from performing a particular class of jobs. These factors include both "the geographical area to which the individual has reasonable access, and 'the number and types of jobs utilizing similar training, knowledge, skills or abilities, within that geographical area, from which the individual is also disqualified.' " *Sutton v. United Air Lines, Inc.,* 527 U.S. 471, ——, 119 S.Ct. 2139, 2151, 144 L.Ed.2d 450 (1999) (quoting 29 C.F.R. § 1630.2(j)(3)(ii)(B)).

■ However, to withstand summary judgment, an ADA plaintiff seeking to establish a disability is not necessarily required to produce detailed quantitative data regarding the local job market. Rather, a plaintiff need only offer evidence sufficient to allow a reasonable fact-finder to infer that the plaintiff's condition places a significant restriction on the plaintiff's ability to find work in a particular job class. *See Davidson v. Midelfort Clinic, Ltd.,* 133 F.3d 499, 507 (7th Cir.1998) (stating that to withstand summary judgment, a plaintiff must offer "at least some evidence from which one might infer that [the plaintiff] faced 'significant restrictions' in her ability to meet the requirements of other jobs."). The severity of the limitations associated with the plaintiff's condition, standing alone, may allow for such an inference. *See Cehrs v. Northeast Ohio Alzheimer's Research Ctr.,* 155 F.3d 775, 781 (6th Cir.1998) (finding evidence regarding the nature of plaintiff's psoriasis condition sufficient to show plaintiff was substantially limited in major life activity of working for purposes of withstanding summary judgment); *Gilday v. Mecosta County,* 124 F.3d 760, 765 (6th Cir.1997) (finding irritability associated with plaintiff's diabetes condition sufficient to show plaintiff was substantially limited in major life activity of working for purposes of withstanding summary judgment); *Roush v. Weastec, Inc.,* 96 F.3d 840, 844 (6th Cir.1996) (finding pain caused by plaintiff's bladder infection sufficient to show plaintiff was substantially limited in major life activity of working for purposes of withstanding summary judgment); *see also* 29 C.F.R. § 1630.2(j)(2) (listing the severity, duration, and impact of impairment as general factors to consider in deciding whether plaintiff is substantially limited in major life activity).

■ In this case, Eibest offers only the evidence regarding the limitations associ-

ated with her condition as proof that she is substantially limited in the major life activity of working. Specifically, she contends that a reasonable jury could infer that she is significantly restricted from obtaining employment in the nursing field solely from the evidence showing she is unable to work in the evenings. The Court disagrees.

The Epstein–Barr virus does not hinder Eibest's ability to perform nursing tasks for a substantial number of hours during the week. Indeed, she consistently received positive reviews for her work as a staff nurse at Planned Parenthood even after she was diagnosed with the virus. Rather, Eibest's condition merely requires her to perform her work during the day.

While this limitation eventually prevented Eibest from continuing her employment at Planned Parenthood, Eibest offers no compelling reason for concluding she is significantly restricted in finding a comparable nursing position. See 29 C.F.R. § 1630.2(j)(3)(i) (stating that "an individual is not substantially limited in working simply because he or she is unable to perform a particular job for one employer ...").

Planned Parenthood's requirement that its entire medical staff work evening hours results from its unique operating hours and patient demand. Eibest's speculation that most other nursing positions will entail similar shift requirements is unconvincing. Without some evidence to corroborate this speculation, Eibest cannot sufficiently demonstrate that she suffers from a disability under the ADA.

Other federal courts have likewise found conditions that merely limit a plaintiff from working long hours or particular shifts insufficient to establish a disability under the ADA. In Colwell v. Suffolk County Police Dept., the plaintiff police officer claimed that he was disabled under the ADA on account of having suffered a cerebral hemorrhage. 158 F.3d 635 (2d Cir.1998). In particular, the plaintiff argued that he was substantially limited in the major life activity of working because he could only work during the day and indoors.

The United States Court of Appeals for the Second Circuit held that the plaintiff had failed to offer evidence sufficient to show he was disabled under the ADA. See id. at 644–45. The plaintiff had not offered any specific evidence concerning the types of jobs from which he was disqualified. The court explained that lacking such evidence, "the jury could not perform the careful analysis that is necessary to determine that [the plaintiff] was substantially limited in this ability to work." Id. at 645.

Similarly, in Tardie v. Rehabilitation Hosp. of Rhode Island, the First Circuit rejected the plaintiff's claim that he was disabled simply on account of his inability to work more than forty hours per week. 168 F.3d 538, 542 (1st Cir.1999). The court refused to reverse the district court's determination that the plaintiff was not substantially limited in his ability to work after observing that "there are vast employment opportunities available which require only 40–hour work weeks." Id.

The federal district courts have also been unreceptive to arguments that a plaintiff is substantially limited in the major life activity of working when the plaintiff can perform her duties within her field on a full-time basis. See Muthler v. Ann Arbor Machine, Inc., 18 F.Supp.2d 722, 729 (E.D.Mich.1998) (finding ability to work not significantly restricted by inability to work overtime); Doren v. Battle Creek Health System, 1998 WL 689956, *5 (W.D.Mich.1998) (finding nurse's inability to work longer than eight hours per day insufficient to show substantial limitation on ability to work); Brown v. Northern Trust Bank, 1997 WL 543098, *6 (N.D.Ill. 1997) (stating that inability to perform high stress job with long hours does not establish substantial limitation in major life activity of working); Duff v. Lobdell–Emery Manufacturing Co., 926 F.Supp. 799, 807 (N.D.Ind.1996) (finding evidence showing plaintiff cannot work more than

878

forty hours per week, without more, is insufficient to establish substantial limitation on ability to work); *Williams v. City of Charlotte*, 899 F.Supp. 1484, 1488 (W.D.N.C.1995) (finding plaintiff's inability to work night shift insufficient to establish significant barrier to obtaining employment); *Brennan v. Nat'l Telephone Directory Corp.*, 850 F.Supp. 331, 343 (E.D.Pa. 1994) ("Obviously, anyone who can work 40 hours a week as a limitation of their abilities is not suffering a substantial impairment of a major life activity, namely, the ability to work.").

Because Eibest has failed to offer evidence sufficient to show that she is disabled for purposes of the ADA, the Court grants Planned Parenthood's motion for summary judgment on Eibest's ADA claim. Further, electing not to exercise supplemental jurisdiction, the Court dismisses the plaintiffs' remaining state-law claims without prejudice.

IT IS SO ORDERED.

### ORDER

The Court has entered its opinion in the above-captioned matter. For the reasons stated therein, the Court grants the defendant's motion for summary judgment on Eibest's ADA claim. Further, electing not to exercise supplemental jurisdiction, the Court dismisses the plaintiffs' remaining state-law claims without prejudice.

This action is hereby terminated pursuant to Fed.R.Civ.P. 58.

IT IS SO ORDERED.